1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                **FOR THE DISTRICT OF ARIZONA**

8

9    Sonlight,                                    No. CV-22-02043-PHX-DWL

10            Plaintiff,                           **ORDER**

11   v.

12   Benjamin Staskiewicz, et al.,

13            Defendants.

14

15         On December 1, 2022, this action was initiated by "Sonlight," a self-described

16   "common law, non-statutory private trust," appearing pro se.  (Doc. 1 at 4.)  On January

17   27, 2023, the action was transferred to the undersigned judge.  (Doc. 17.)

18         Sonlight lacks the capacity to sue and is not a proper party to this case.  Arizona

19   law governs this issue.  Fed. R. Civ. P. 17(b)(3) (capacity to sue, for parties other than

20   individuals or corporations, is determined by the law of the state where the court is

21   located, with exceptions not relevant here); *Irwin Union Collateral Inc. v. Peters &*

22   *Burris, LLC*, 2009 WL 5184902, *3 (D. Ariz. 2009) ("[S]ince the trust is neither an

23   individual nor a corporation, the law governing whether the Sass Trust has the capacity to

24   sue or be sued is governed by Arizona law, the state in which this Court sits.").

25         In general, a trust "lack[s] the capacity to sue or be sued under Arizona law."

26   *Irwin Union*, 2009 WL 5184902 at *4; *see also* 76 Am. Jur. 2d Trusts § 601 ("At

27   common law, a trust cannot sue or be sued because it is not a juristic person.  In most

28   jurisdictions, a trust is not an entity separate from its trustees, and cannot sue or be sued

in its own name, and therefore, the trustee, rather than the trust, is the real party in interest in litigation involving trust property.  Because a trust is not a legal entity, and does not have capacity, any suits involving the trust must be brought by or against the trustees."); *Matter of Book*, 2019 WL 2394259, \*2 (Ariz. Ct. App. 2019), *review denied* (2019) (unpublished) ("Generally, a common-law trust is not considered a legal entity capable of suing or being sued; therefore, any suit involving the trust must be brought by or against its trustee.").  Thus, a common-law trust cannot sue in its own name—such a suit must be brought by its trustee.[1]  Thus, Sonlight must be dropped as a party to this lawsuit and can participate only through a trustee.  Fed. R. Civ. P. 21.

Furthermore, the trustee must be represented by counsel.  A nonlawyer cannot represent herself to the extent that she appears in her capacity as trustee for a trust.  *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 698 (9th Cir. 1987) ("Rule 17(a) authorizes a trustee of an express trust to sue on behalf of the trust, without joining persons 'for whose benefit the action is brought;' the rule does not warrant the conclusion that a nonlawyer can maintain such a suit *in propria persona.*  The reciprocal relation between the bar and the bench permits an exception only for a person acting personally.").

For these reasons, this case cannot be maintained without competent counsel.  Moreover, the complaint is dismissed because it was filed without counsel.  *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("[M]otions and pleadings must be filed by counsel.").  The pending motions to dismiss the complaint (Docs. 8, 13) are therefore denied as moot.

By February 28, 2023, retained counsel must file an amended complaint substituting Sonlight's trustee as the Plaintiff in this action.  If Sonlight's trustee fails to adhere to this order through retained counsel, this case will be dismissed without further notice.

---

[1]     There is an exception to the general rule not applicable here. *See, e.g.*, *McLeod v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 2189498, \*3 (Ariz. Ct. App. 2017) (unpublished).

1    Accordingly,

2        **IT IS ORDERED** that the complaint (Doc. 1) is dismissed with leave to amend.

3        **IT IS FURTHER ORDERED** that Sonlight's trustee must retain counsel, and, by

4    February 28, 2023, retained counsel must file an amended complaint substituting

5    Sonlight's trustee as the Plaintiff in this action.

6        **IT IS FURTHER ORDERED** that if an amended complaint is not filed by

7    retained counsel by February 28, 2023, the Clerk of Court shall dismiss this action

8    without further notice.

9        **IT IS FURTHER ORDERED** that the pending motions to dismiss (Docs. 8, 13)

10   are denied as moot.

11       Dated this 31st day of January, 2023.

12

13

14   _____
     Dominic W. Lanza
15   United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28